**NOT FOR PUBLICATION**

FILED

DEC 20 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FILED
Clerk
District Court

JAN 2 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES H. GRIZZARD; BARBARA F. GRIZZARD, in her capacity as the personal representative of the estate of James H. Grizzard,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>KIYOSHIGE TERADA; MINORU IMAI; HYAKUMATA KABUSHIKI KAISHA,<br><br>Defendants - Appellees. | No. 03-16996<br><br>D.C. No. CV-99-00055-ARM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Argued and Submitted November 21, 2005
Honolulu, Hawaii

Before: BRIGHT**, McKEOWN, and CLIFTON, Circuit Judges.

---

\*      This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Plaintiffs appeal the district court's grant of summary judgment in favor of defendants. We affirm. Because Grizzard has not suffered injury to his business or property, he lacks standing to bring a cause of action under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

Grizzard alleges that he suffered direct injury when defendants improperly siphoned funds from Suwaso and remitted them to Japan without giving him a share. In essence, Grizzard claims that defendants effectively denied him a dividend. Shareholders, however, typically lack standing where the harm they suffered was derivative to the injury suffered by the corporation. *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1419-21 (9th Cir. 1995); *Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 640 (9th Cir. 1988). In this case, it was the corporate coffers, not Grizzard's, that were drained by the alleged improper siphoning of funds. As such, Grizzard's injury was purely derivative.

We have recognized two exceptions to the general rule that precludes shareholders from asserting standing under RICO. A shareholder asserting an injury derivative to that of a corporation may have standing if he or she can show (1) an injury distinct from the harms suffered by other shareholders, or (2) a special duty, such as a contractual duty, between the shareholder and the

defendant. *See Sparling*, 864 F.2d at 640. Grizzard's alleged injury fails to satisfy either of these exceptions.

First, Grizzard has not suffered an injury distinct from that of other shareholders. He concedes that other minority shareholders have suffered in the same way and would have been entitled to bring the same claim, though they did not do so within the limitations period. A plaintiff-shareholder lacks standing under RICO when the injury similarly affects other shareholders' ownership interests. *See Sax v. World Wide Press, Inc.*, 809 F.2d 610, 614 (9th Cir. 1987); *see also Eagle v. American Telephone & Telegraph Co.*, 769 F.2d 541, 545 (9th Cir. 1985) ("Normally, a shareholder cannot maintain an action in his individual capacity against a majority shareholder for the depreciation in the value of his stock resulting from a depletion of corporate assets."). Accordingly, Grizzard's alleged injury is not sufficiently distinct from that of other shareholders to warrant RICO standing.

Second, Grizzard fails to provide any evidence demonstrating that the defendants have assumed a special contractual duty through which Grizzard may assert standing. Even if we assume that Terada promised Grizzard a share of Suwaso's profits proportional to Grizzard's stock ownership, this "contractual relationship" can only be likened to a mere corporate ownership interest that fails

to provide standing under RICO. *See Lapidus v. Hecht*, 232 F.3d 679, 683 (9th Cir. 2000) (noting that if a cause of action is "based on unlawful acts [relating to] a particular class of stock, it is ordinarily a corporate cause of action and cannot be the basis for an action by a shareholder merely as an individual").

Therefore, Grizzard has not alleged a direct injury sufficient to warrant RICO standing. Rather, Grizzard has alleged an injury to the corporation in which he is a shareholder that would be more appropriately brought as a derivative suit.

**AFFIRMED.**

